DETERMINED IN THE

# Supreme Court of Judicature,

OF THE

## STATE OF NEW JERSEY,

AT MAY TERM, 1822.

---

NATHAN SQUIER, JOSEPH PIERSON, CALEB DURAND, JOB CROWELL, and JAMES CROWELL, appellees, *against* THOMAS P. GALE, appellant.

1. Though a *mandamus* will lie to an inferior court to command the judges thereof to proceed to judgment, yet it will not lie to command them to proceed to any *particular* judgment, and much less to command them to set aside a verdict and grant a new trial, or even to grant a rule to shew cause for that purpose.

2. Courts of Common Pleas have a right to set aside verdicts and to grant new trials, and they have this right, as well in cases of appeals under statute as in other cases.

---

This cause was originally tried in the court for the trial of small causes, and judgment rendered for the appellees, upon the verdict of a jury. An appeal was then taken to the Common Pleas of the county of Essex, where the cause was again tried before another jury, and a verdict rendered

in favor of the appellant. After the rendering of the verdict, and before the judgment was given thereon by the court, a motion was made on behalf of the appellees, for a rule to shew cause why a new trial should not be had on the said appeal, which rule the Court of Common Pleas refused to grant, and alleged, as a reason for such refusal, that they had no authority in the law to grant such rule, and order a new trial in case of an appeal.

*Halsey,* at the last term, obtained a rule upon the Court of Common Pleas to shew cause, on the first day of this term, why a *mandamus* should not issue, commanding them to grant a rule to shew cause why a new trial should not be had in the case of the appeal aforesaid, and proceed to hear the party appellee upon the said rule. To this rule the Court of Common Pleas made the following return : "The judges of the Inferior Court of Common Pleas in and for the county of Essex, in compliance with a rule of the Supreme Court, a copy whereof is hereunto annexed, do respectfully state to the said Supreme Court and the justices thereof, that after the trial of the said cause, in the said annexed rule mentioned, between Thomas P. Gale, appellant, and Nathan Squier, Joseph Pierson, Caleb Durand, Job Crowell, and James Crowell, appellees, in the Inferior Court of Common. Pleas in and for the county of Essex, by a jury of the county, and in which the said jury found a verdict for the said appellant against the said appellees, the counsel for the said appellees applied to this court for a rule to shew cause why a new trial should not be granted, on the sole ground, that the verdict was rendered contrary to the evidence in the cause ; whereupon the said inferior court took into consideration the question, whether it had power to grant new trials in such cases ? and upon examination of the act of the legislature, in that case made and provided, and not finding therein any authority conferred on this court to grant new trials in such cases, and conceiving it contrary to general

principles for the court to exercise the power of granting new trials in such cases, without special legislative authority to do so, this court, in the cause in the annexed rule mentioned, refused to grant a rule to show cause, inasmuch as it would only tend to consume the time of the court and create expense to the parties, without any beneficial result, according to the opinion which had been formed of the power of the court before stated, all which is respectfully submitted to the Supreme Court."

Opinion of the court by the Chief Justice.

KIRKPATRICK C. J. In this case, the court are of opinion—

1. That though a *mandamus* will lie to an inferior court to command them to proceed to judgment, yet it will not lie to command them to proceed to any particular judgment; and much less to command them to set aside a verdict and grant a new trial, or even to grant a rule to shew cause for that purpose.

2. That the Courts of Common Pleas have, by the constitution of the said courts, and by the principles of the ancient common law, a right to set aside verdicts and grant new trials; and that they have this right, as well in cases of appeal under statute as in other cases.